CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 1 1 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

UNITED STATES OF AMERICA :
:
v. : Case No. 2:17 CR 13
:
MILL BRANCH COAL, LLC :

## PLEA AGREEMENT

MILL BRANCH COAL, LLC, a Virginia limited liability company (formerly Mill Branch Coal Corporation ("MILL BRANCH") has agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE(S) TO WHICH MILL BRANCH IS PLEADING GUILTY AND WAIVER OF RIGHTS

1. **The Charges and Potential Punishment**

MILL BRANCH's attorney has informed it of the nature of the charges and the elements of the charges that must be proved by the United States beyond a reasonable doubt before MILL BRANCH could be found guilty as charged.

MILL BRANCH agrees to plead guilty to Count 1 of an Information.

Count 1 charges MILL BRANCH with knowingly giving advance notice of Mine Safety and Health Administration ("MSHA") inspections conducted pursuant to the Mine Act (Chapter 22 of Title 30 of the United States Code), in violation of 30 U.S.C. § 820(e). The maximum statutory penalty for each count is a fine of $10,000.00, pursuant to 18 U.S.C. § 3571(c)(6), plus a five-year term of probation, pursuant to 18 U.S.C. § 3561(c)(2).

MILL BRANCH understands restitution may be ordered, its assets may be subject to forfeiture, and fees may be imposed to pay for probation. In addition, a $50.00 special assessment, pursuant to 18 U.S.C. § 3013(a)(1)(B)(ii), will be imposed per misdemeanor count of conviction. MILL BRANCH further understands its term of probation may be revoked if MILL BRANCH violates its terms and conditions.

*Authorized Corporate Officer's Initials:* ___

MILL BRANCH is pleading guilty as described above because it is in fact guilty and because it believes it is in its best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

2. **Waiver of Constitutional Rights Upon a Plea of Guilty**

MILL BRANCH knowingly waives and gives up these valuable constitutional rights, to the extent they apply to a corporation:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses on its own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

B. **SENTENCING PROVISIONS**

1. **General Matters**

MILL BRANCH understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). MILL BRANCH understands it will have an opportunity to review a copy of its presentence report in advance of its sentencing hearing and may file objections, as appropriate. MILL BRANCH will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

MILL BRANCH understands the Court is not bound by any recommendation or stipulation contained in this agreement and may sentence it up to the statutory maximum.

*Authorized Corporate Officer's Initials:* ___CK___

MILL BRANCH understands it will not be allowed to withdraw its plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

MILL BRANCH understands if the sentence is more severe than it expected, it will have no right to withdraw its plea.

2. **Sentencing Guidelines**

MILL BRANCH stipulates and agrees that all matters pertaining to the Information are relevant conduct for purposes of sentencing.

MILL BRANCH understands guideline sections may be applicable to its case and the United States and it will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

3. **Monetary Obligations**

   a. **Special Assessments**

MILL BRANCH understands organizations convicted of crimes are required to pay a mandatory assessment of $50.00 per class B misdemeanor count of conviction.

   b. **Fine**

MILL BRANCH agrees to pay the maximum fine of $10,000.00.

   c. **Restitution**

Pursuant to 18 U.S.C. § 3663(a)(3), which states that "[t]the court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement," MILL BRANCH agrees to the imposition of restitution in the form of payment of $15,000.00 to the William M. Blankenship and Adam Justice Memorial Scholarship Fund, previously established pursuant to a plea agreement in Case No. 1:00CR00092.

   d. **Civil Settlement Payments**

MILL BRANCH has resolved certain outstanding civil actions brought by MSHA as set forth in the agreements between MSHA and MILL BRANCH, and, where applicable, has withdrawn its contest of the citations/orders and proposed assessments in

*Authorized Corporate Officer's Initials:* _____

Page 3 of 10

Case 2:17-cr-00013-PMS   Document 3   Filed 07/11/17   Page 3 of 11   Pageid#: 5

those civil proceedings. MILL BRANCH has paid a total of $235,488.00 for the following citations, orders, and proposed assessments:

| Citation/ Order No. | Case/ Docket No. | Standard Cited | Penalty Amount |
|---|---|---|---|
| 8203319 | VA 2016-191 | 50.10(d) | $47,250.00 |
| 8203321 | VA 2016-165 | 75.370(a)(1) | $12,650.00 |
| 8203322 | VA 2016-192 | 75.1502 | $52,500.00 |
| 8203323 | VA 2016-164 | 103(a) | $3,600.00 |
| 8203336 | VA 2016-176 | 75.370(a)(1) | $42,696.00 |
| 8203337 | Case No. 419377 | 75.370(a)[l) | $21,442.00 |
| 8203338 | VA 2016-168 | 75.333(d)(3) | $52,500.00 |
| 8203341 | VA 2016-164 | 103(a) | $2,850.00 |
| | | **TOTAL:** | **$235,488.00** |

MILL BRANCH acknowledges and agrees with the factual recitations set forth in the Government's filings in those matters.

e. **Payments**

MILL BRANCH has paid to the U.S. Department of Labor $235,488.00 to resolve its civil liability for the above-listed matters and will provide proof that such payment has been made, prior to entering its plea of guilty.

MILL BRANCH will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $25,050.00, prior to entering its plea of guilty.

C. **ADDITIONAL MATTERS**

1. **Waiver of Right to Appeal**

Knowing that it has a right of direct appeal of its sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, MILL BRANCH expressly waives the right to appeal its sentence on those grounds or on any ground. In addition, it hereby waives its right of appeal as to any and all other issues in this matter and agrees it will not file a notice of appeal. MILL BRANCH is knowingly and voluntarily waiving any right to appeal. By signing this agreement, MILL BRANCH is explicitly and irrevocably directing its attorney

*Authorized Corporate Officer's Initials:* ____

Page 4 of 10

Case 2:17-cr-00013-PMS   Document 3   Filed 07/11/17   Page 4 of 11   Pageid#: 6

not to file a notice of appeal. *Notwithstanding any other language to the contrary, MILL BRANCH is not waiving its right to appeal or to have an attorney file a notice of appeal, as to any issue which cannot be waived, by law.* MILL BRANCH understands the United States expressly reserves all of its rights to appeal. **MILL BRANCH agrees and understands if it files any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in the case such action shall constitute a failure to comply with a provision of this agreement.**

### 2. Waiver of Right to Collaterally Attack

To the extent a corporation has any right to such relief, MILL BRANCH is waiving its right to collaterally attack, in any future proceeding, any order issued in this matter. **MILL BRANCH agrees and understand that if it files any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in the case, such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Information Access Waiver

MILL BRANCH knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Abandonment of Seized Items

By signing this plea agreement, MILL BRANCH hereby abandons its interest in, and consents to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. MILL BRANCH further waives any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 5. Admissibility of Statements

MILL BRANCH understands any statements made on its behalf (including this plea agreement, and its admission of guilt) during or in preparation for any guilty plea hearing,

*Authorized Corporate Officer's Initials:* ___CK___

sentencing hearing, or other hearing and any statements made to law enforcement agents, in any setting (including during a proffer), may be used against it in this or any other proceeding. MILL BRANCH knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 6. Cooperation

MILL BRANCH, and its prior corporate parent, Alpha Natural Resources, Inc. ("Alpha"), have cooperated with the United States Attorney's Office for the Western District of Virginia during its investigation of this matter, including by voluntarily providing relevant information and taking remedial action. Based on this cooperation and the evidence known to the United States Attorney's Office at this time, it does not intend to prosecute any of MILL BRANCH's corporate parents, including ANR, Inc., as successor to Alpha, for the conduct which is the subject of the charges to which MILL BRANCH is pleading guilty. However, this recitation of the United States Attorney's Office current intent is not a grant of immunity to any entity.

MILL BRANCH agrees to fully cooperate with the United States Attorney's Office, including, but not limited to, in the United States ongoing investigation of individuals.

### 7. Additional Obligations

MILL BRANCH agrees not to commit any of the following acts:

- attempt to withdraw its guilty plea;
- deny it committed any crime to which it has pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- fail to enter its plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court; or
- fail to comply with any reasonable request of the United States Attorney's Office.

*Authorized Corporate Officer's Initials:* _CK_

## D. REMEDIES AVAILABLE TO THE UNITED STATES

MILL BRANCH hereby stipulates and agrees that the United States Attorney's office may, at its election, pursue any or all of the following remedies if MILL BRANCH fails to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, MILL BRANCH agrees if, for any reason, its conviction is set aside, or it fails to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against it which were filed and/or could have been filed concerning the matters involved in the instant investigation. MILL BRANCH hereby waives its right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any such charges. MILL BRANCH also hereby waives any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate MILL BRANCH's obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## E. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute MILL BRANCH for any offense(s) committed within their respective jurisdictions.

### 2. Effect of Signature

MILL BRANCH understands its Authorized Corporate Officer's signature on this

*Authorized Corporate Officer's Initials: _____*

agreement constitutes a binding offer by MILL BRANCH to enter into this agreement. MILL BRANCH understands the United States has not accepted its offer until it signs the agreement.

### 3. Effective Representation

MILL BRANCH has discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against it with its attorney and is fully satisfied with its attorney and its attorney's advice. At this time, MILL BRANCH has no dissatisfaction or complaint with its attorney's representation. MILL BRANCH agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint it may have with its attorney's representation.

### 4. Misconduct

If MILL BRANCH has any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, MILL BRANCH agrees to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than its sentencing hearing.

### 5. Final Matters

MILL BRANCH understands a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. MILL BRANCH understands any calculation regarding the guidelines by the United States Attorney's Office or by its attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on its case.

MILL BRANCH understands the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

MILL BRANCH understands the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court

*Authorized Corporate Officer's Initials:* ___

by or on behalf of the defendant.

MILL BRANCH willingly stipulates there is a sufficient factual basis to support each and every material factual allegation contained within the Information to which it is pleading guilty.

MILL BRANCH understands this agreement does not apply to any crimes or charges not addressed in this agreement.

MILL BRANCH understands its attorney will be free to argue any mitigating factors on its behalf, to the extent they are not inconsistent with the terms of this agreement. MILL BRANCH understands it will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete agreement between the United States Attorney for the Western District of Virginia and MILL BRANCH, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and MILL BRANCH.

MILL BRANCH has consulted with its attorney and fully understands all its rights. MILL BRANCH's authorized representative has read this plea agreement and carefully reviewed every part of it with its attorney. MILL BRANCH understands this agreement and voluntarily agrees to it. MILL BRANCH has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its plea of guilty. Being aware of all of the possible consequences of its plea, MILL BRANCH has independently decided to enter this plea of its own free will, and is affirming that agreement on this date and by its authorized representative's signature below.

The Authorized Corporate Officer, by his signature below, hereby certifies to the following:

1. He has read the entire Plea Agreement and documents referenced herein and discussed them with MILL BRANCH's owners;
2. MILL BRANCH understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations;
3. MILL BRANCH is fully satisfied with MILL BRANCH's attorneys' representation during all phases of this case;

*Authorized Corporate Officer's Initials:* _CK_

4. MILL BRANCH is freely and voluntarily pleading guilty in this case;
5. MILL BRANCH is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea of guilty;
6. MILL BRANCH acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer. A copy of a certification by MILL BRANCH's Manager and President authorizing the Authorized Corporate Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of MILL BRANCH are attached.

Date: 7-11-17

Authorized Corporate Officer of
**MILL BRANCH COAL, LLC,**
**Defendant**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 7/11/17

Victor Hou, Esq.
**Counsel for Defendant**

Date: 7-11-2017

Randy Ramseyer
**Assistant United States Attorney**

*Authorized Corporate Officer's Initials:* CL

Page 10 of 10

Case 2:17-cr-00013-PMS   Document 3   Filed 07/11/17   Page 10 of 11   Pageid#: 12

# MILL BRANCH COAL, LLC
## CONSENT OF MANAGER AND PRESIDENT

The undersigned, being the sole Manager and President of Mill Branch Coal, LLC ("Company") hereby consents to the adoption of the following resolutions:

RESOLVED, that Christopher L. Slone, Manager and President of the Company, be, and he is hereby, designated as Authorized Corporate Officer, and is hereby authorized to acknowledge on behalf of the Company its acceptance of the plea agreement between the United States of America and Mill Branch Coal, LLC bearing the date of July 11, 2017; and

FURTHER RESOLVED, that the Authorized Corporate Officer be, and he is hereby, authorized to execute and perform the plea agreement on behalf of the Company as well as such other documents as he may find appropriate, necessary or convenient to fully resolve the matters addressed in the plea agreement on behalf of the Company.

Effective Date:     July 11, 2017

_____
Christopher L. Slone
Manager and President